```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

TIMOTHY TYLER,

           Plaintiff,

vs.                          Case No.   2:13-cv-154-FtM-29UAM

MIKE SCOTT, Sheriff, J. ALFENI, Head of Medical Department, DOCTOR ALMANZAR, MIKE HENDESON, and FNU SUTTON,

           Defendants.
_____

**ORDER OF DISMISSAL**

This matter comes before the Court upon review of the file. Plaintiff Timothy Tyler, proceeding *pro se*, initiated this action by filing a prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on March 1, 2013, while detained at the Lee County Jail. Plaintiff is proceeding *in forma pauperis* on his Second Amended Complaint[1] (Doc. #20), filed May 9, 2013.

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental

---

[1] Plaintiff was directed to file an Amended Complaint, see Order at Doc. #12, to correct several pleading deficiencies. Plaintiff filed an Amended Complaint pursuant to the Court's Order (Doc. #17). Plaintiff then filed a Second Amended Complaint (Doc. #20). "An amended complaint supercedes the initial complaint and becomes the operative pleading in the case." Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011). Neither the Amended Complaint (Doc. #17) nor the Second Amended Complaint (Doc. #20) correct the deficiencies noted in the Court's Order. Nevertheless, the Court treats the Second Amended Complaint as the operative pleading.

entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. See also § 1915(e)(2). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under §1915A. Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th

Cir. 1997). Section 1915(e)(2)(B)(ii) is identical to the screening language of § 1915A.[2] Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient.

---

[2] Plaintiff is proceeding in forma pauperis in this action. Docs. #2, #11. Thus, the Complaint is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

Ashcroft, 556 U.S. 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## II.

Plaintiff files this action against defendants from the Lee County Jail, including Doctor Almanzar, and Food Directors Mike Henderson and Sutton. Plaintiff also names the Sheriff of Lee County as a defendant. See Second Amended Complaint. The Second Amended Complaint does not specify which federal rights Plaintiff believes the defendants have violated. See generally id. Interspersed within the Second Amended Complaint are copies of inmate grievances, responses thereto, and inmate medical request forms and responses thereto. Id. at 11-45.[3] The Statement of Facts is written in a diary-like format. For example, Plaintiff alleges, *inter alia*:

> 12/2/012 wasting food by disposing constitutes a tax payers money or federal funding. In return the staff had no idea what I was talking about with a witness point of view.
>
> 12/2/012 we had an inmate with MRSA officers were exposed to this without protection of a gown or gloves went serving food to other inmates.

---

[3]The pinpoint citations contained herein are to the numbers that appear on the top of the page by the Court's Case Management and Electronic Filing System, not the numbers written by Plaintiff.

> 12/8/012 filed Complaint to head of medical about discrimination that was imposed upon plaintiff and fellow inmate.
>
> 2/19/013 Plaintiff needed something a lot stronger than regular Tyleno[l].
>
> 2/27/013 out of sight, out of mind is very cruel and unusual punishment for a medical floor.

Id. at 7, 9.  The Second Amended Complaint alleges several unrelated claims ranging from medical treatment rendered or lack thereof to general conditions of confinement.  Under the relief requested section on the complaint form, Plaintiff writes:

> Medical here need(s) not to have favoritism among thoses that suffer pain or fight for there God given civil rights.  A doctor should be around 24 hours a day not when they feel like seeing you.  They are here for medical reason's to fullfill the need's of that person under there care not ignore them.  Plaintiff request for pain and suffering of the amount of (2) million poor diet, treating a pain person as if he or she's a lab rat, better care by train personal [sic].

Id. at 46.

### III.

Pursuant to § 1915, the Court finds this action is subject to dismissal for the following reasons.

**A.  Federal Rule of Civil Procedure 8**

The Court finds that the Second Amended Complaint does not comply with Fed. R. Civ. P. 8(a)(2).  Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of this requirement is to supply the defendant with fair

notice as to the nature of the claim and the grounds upon which the claim rests. Twombly, 550 U.S. at 552. Plaintiff's Second Amended Complaint does not provide sufficient facts to satisfy the basic pleading requirements of Rule 8(a)(2). Specifically, the Second Amended Complaint does not allege how each defendant violated Plaintiff's rights. See generally Complaint. In fact, none of the defendants' names are even mentioned in the Second Amended Complaint. Instead, the factual allegations are vague, conclusory, and set forth in the Second Amended Complaint are in diary-like format. Thus, the Court finds the Complaint subject to dismissal pursuant to Fed. R. Civ. P. 8(a)(2). See also Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678.

**B. Failure to State a Claim**

The Court cannot conceive of any violation of any federal right based on the allegations in the Second Amended Complaint and the exhibits thereto. At most, liberally construed it appears Plaintiff attempts to set forth an Eighth Amendment[4] claim stemming

---

[4]At the time Plaintiff filed his Complaint, Plaintiff was a pre-trial detainee at the Lee County Jail. Thus, Plaintiff's rights arise from the Fourteenth Amendment, but the case law developed with regard to the Eighth Amendment prohibitions against cruel and unusual punishment is analogous. Cook *ex. rel.* Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 1985); see also Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985)(noting that "In regard to providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the Eighth Amendment for convicted persons.").

from medical treatment he was provided at the Lee County Jail. The Second Amended Complaint alleges that Plaintiff was not always provided Tylenol with codeine for his pain, id. at 7, 9-10; a nurse forgot to give him insulin on one occasion, id. at 42; and, he was given old food as a snack for his diabetes, id. at 22-24.

In order to state a claim for a violation under the Eighth Amendment, a plaintiff-prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Hudson v. McMillan, 503 U.S. 1, 9 (1992)(opining that a prisoner must demonstrate a "serious" medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care. . . ."). This showing requires a plaintiff to satisfy both an objective and a subjective inquiry. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000)).

First, a plaintiff must show that he had an "objectively serious medical need." Id. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (citations omitted). "The medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." Id.

Second, a plaintiff must establish that a defendant acted with "deliberate indifference" by showing both a: (1) subjective knowledge of a risk of serious harm (i.e., both awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists and the actual drawing of the inference); and (2) disregard of that risk; and (3) conduct that is more than gross negligence. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). "Whether a particular defendant has subjective knowledge of the risk of serious harm is a question of fact 'subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007)(quoting Farmer v. Brennan, 511 U.S. 825, 842 (1994)). "A difference in medical opinion does not constitute deliberate indifference so long as the treatment is minimally adequate." Whitehead v. Burnside, 403 F. App'x 401, 403 (11th Cir. 2010)(citing Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991)). A doctor's decision about the type of medicine that should be prescribed is generally "a medical judgment" that is "an inappropriate basis for imposing liability under section 1983." Adams v. Poag, 61 F.3d 1537, 1547 (11th Cir. 1995); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (stating that "[m]ere medical malpractice, however, does not constitute

deliberate indifference. Nor does a simple difference in medical opinion."). "When the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Co. Pet. Ctr. Staff, 262 F. App'x 959, 964 (11th Cir. 2008)(quoting Harris, 941 F.2d at 1504). For example, the Eleventh Circuit previously found "that a doctor's failure to administer stronger medication . . . pending the arrival of [an] ambulance ... [was] a medical judgment and, therefore, an inappropriate basis for imposing liability under section 1983." Id. (citing Adams v. Poag, 61 F.3d 1537, 1547 (11th Cir. 1995)). Consequently, "[d]eliberate indifference is not established where an inmate received care but desired different modes of treatment." Id.

Under the facts alleged, Plaintiff cannot show that defendants' medical treatment constituted an "unnecessary and wanton infliction of pain." Plaintiff made multiple requests for "pain meds" or "Tylenol with codeine" based on his general[5] complaints of pain, id. at 14, 19, 21; for a cold, id. at 28, 30-31; and, for unspecified pain in his "upper jaw," id. at 32. These

---

[5]For example, on December 30, 2012, Plaintiff wrote: "I take pain medication on the street. I've been in the infirmary for my medical needs. With out pain meds the steal in my body is pin into my bones and I suffer deeply. I need my pain meds or else everything shuts down inside. Does medical need a lawsuit? I have a 1983 Federal Complaint Form. Please don't drop the ball on me. T-3 codean. [sic]." Second Amended Complaint at 21.

aforementioned ailments do not set forth a serious medical condition. Slater v. Lemens, 400 F. App'x 109, 112 (7th Cir. 2010)(noting not every ache and pain is sufficient to constitute a serious medical condition); see also Gutierrez v. Peters, 111 F.3d 1364, 1372 (7th Cir. 1997)(stating that failure to treat a common cold does not support a deliberate indifference claim)(citation omitted).

Moreover, the Second Amended Complaint and attached exhibits do not reveal that any defendant responded with deliberate indifference to Plaintiff's medical needs. The exhibits reveal that the Medical Department continued to monitor Plaintiff's medical complaints, responded to his medical request forms, and evaluated his medical condition. The medical department referred Plaintiff for an MRI, id. at 28; referred him to the doctor, id. at 27, 29; referred him to a dentist when he complained of jaw pain, id. at 32; prescribed an anti-depressant medication, id. at 31; and, prescribed Tylenol with codeine when medical officials deemed the treatment appropriate, id. at 38. Similarly, Plaintiff's allegation that a nurse forgot to provide him with insulin on one occasion and that the snacks for diabetics were old, also does not demonstrate an excessive risk to his health or safety, much less that any of the named defendants knew or and disregarded such a risk.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Second Amended Complaint (Doc. #20) is **DISMISSED without prejudice** pursuant to § 1915A(2)(b)(ii).

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __23rd__ day of July, 2013.

_____
JOHN E. STEELE
United States District Judge


SA: alj
Copies: All Parties of Record